IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CMBS LLC, FISH GAME KINGS,     )
and NLG SOFTWARE, LLC,         )
                               )
          Plaintiffs,          )
                               )
    v.                         )     1:20CV71
                               )
DAVIE COUNTY¹ and              )
SHERIFF J.D. HARTMAN,          )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiffs originally filed this action in state court; thereafter, Defendants removed the case to this court. (Doc. 1; Exs. 1, 2.) The Complaint alleges Plaintiffs "create, vend, operate and maintain software at three (3) businesses in Davie County," (Complaint ("Compl") (Doc. 3) ¶ 5), and names as Defendants Davie County and Davie County Sheriff J.D. Hartman ("Hartman"), in his official capacity. (Id. ¶ 4.) Plaintiffs seek declaratory and injunctive relief arising out of the construction and validity of the "Sweepstakes and Gambling

---

¹ On January 13, 2020, prior to removal, Plaintiffs filed a Notice of Voluntary Dismissal as to Defendant Davie County. (Doc. 1, Ex. 1 at 67.)

Criminal Statutes with the meaning of N.C. General Statute 1-254" as well as related determinations. (Id. at 7-9.)

Hartman has moved to dismiss the Complaint "because the plaintiffs have not served the defendant with process and the time for serving a summons has expired." (Doc. 7 at 1.) The motion was filed on April 13, 2020; Plaintiffs have not filed a response to the motion to dismiss. The motion to dismiss is ripe. After careful review, this court finds the motion to dismiss should be granted.

I.  **FACTS**

Plaintiffs filed their Complaint in state court on January 13, 2020. (Doc. 1, Ex. 1 at 3.) A summons was issued to defendants Davie County and Hartman on that same day. (Id., Ex. 1 at 1; Doc. 4.) However, it appears that on January 13, 2020, prior to removal, Plaintiffs filed a Notice of Voluntary Dismissal as to Defendant Davie County. (Id., Ex. 1 at 67.) In light of the dismissal, this court finds the only named defendant in this matter is Davie County Sheriff J.D. Hartman. On January 23, 2020, Hartman removed the case to this court. (Doc. 1.)

Defendant alleges jurisdiction based upon diversity and federal question, 28 U.S.C. §§ 1332, 1441(b). (Doc. 1 at 2.) This case has now been pending for more than a year and nothing

has been filed to indicate service of process has been effected as to Hartman.

Defendant has filed the affidavit of E. Edward Vogler, Jr. ("Vogler"), county attorney for Davie County. (Doc. 9 ¶ 2.) Vogler describes the fact that Plaintiffs' counsel delivered a copy of the complaint, but that neither defendant has been served process in this case. (Id. ¶ 3.)

## II. ANALYSIS

28 U.S.C. § 1448 provides in part that:

> In all cases removed from any State Court . . . in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

> When a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process if, prior to the case's removal, "service of process has not been perfected prior to removal," or "process served proves to be defective." 28 U.S.C. § 1448. Federal Rule of Civil Procedure 4(m) dictates that the plaintiff serve process within 120 days or be subject to a dismissal of her federal action without prejudice.

Rice v. Alpha Sec., Inc., 556 F. App'x 257, 260 (4th Cir. 2014). In this case, the record reflects Hartman has not been served with process before removal or following removal.

Case 1:20-cv-00071-WO-JLW   Document 10   Filed 03/31/21   Page 3 of 5

Under federal law, the time for service has long passed. Fed. R. Civ. P. 4(m) (requiring service within 90 days unless good cause exists for the failure to serve). (See Doc. 4.) Under North Carolina law, a summons must be served on a defendant "within 60 days after the date of the issuance of summons." N.C. Gen. Stat. § 1A-1, Rule 4(c). If a defendant is not served within 60 days, then under North Carolina law the plaintiff may secure an endorsement for an extension of time or an alias or pluries summons, but all within 90 days after the issuance of the summons. N.C. Gen. Stat. § 1A-1, Rule 4(d).

Rule 4(m) of the Federal Rules of Civil Procedure instructs the court to dismiss without prejudice "on motion or on its own" the action against the defendants who have not been served within 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m).

It appears to the court that Plaintiffs have failed to comply with the provision of Fed. R. Civ. P. 4(m), and it does not appear Plaintiffs have complied in a timely fashion with service of the summons under North Carolina law. This court therefore finds that dismissal without prejudice of Plaintiffs' claims against Hartman is required. See Fed. R. Civ. P. 4(m).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. 7), is **GRANTED** and that all claims against Defendant Davie County Sheriff J.D. Hartman are **DISMISSED WITHOUT PREJUDICE.**

A judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 31st day of March, 2021.

/s/ William L. Osteen, Jr.
_____
United States District Judge